UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **GARY BOUDREAUX** | **CIVIL ACTION NO. 07-1005** |
| **VS.** | **SECTION P** |
| **WARDEN BURL CAIN** | **JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Before the Court is a petition for *habeas corpus* filed by *pro se* petitioner, Gary Boudreaux, pursuant to 28 U.S.C. § 2254, filed at the earliest on June 11, 2007.[1] Petitioner is currently confined at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his February 4, 1983 conviction for second degree murder for which he is serving a life sentence. Petitioner was convicted of that crime in the 15th Judicial District Court for Vermillion Parish.

LAW AND ANALYSIS

Petitioner admits, and this court's records confirm, that petitioner has filed two previous federal petitions for *habeas corpus* relief in which he attacked this same conviction: *Boudreaux v. Warden Louisiana State Penitentiary,* Docket Number 6:93cv00479 (W.D.La. 1993), and *Boudreaux v. Warden Louisiana State Penitentiary*,

---

[1] Petitioner styled his original pleading as a "Motion for Reconsideration and Request from Relief from Judgment under Rule 60(b)" in connection with the United States Fifth Circuit Court of Appeals August 8, 2006 denial of petitioner's request for authorization to file a second or successive petition for federal writ of *habeas corpus* relief in this court pursuant to 28 U.S.C. § 2254. [rec. doc. 1]. Thereafter, petitioner filed a standardized petition for federal *habeas corpus* relief. [rec. doc. 6].

Docket Number 6:02cv02240 (W.D.La. 2002). The first such petition was denied on the merits on August 5, 1994 by District Judge Shaw, following an answer by the State and a Report and Recommendation by Magistrate Judge Methvin. Petitioner's appeal was dismissed by the United States Fifth Circuit Court of Appeal on January 4, 1996 for failure to prosecute.

The second petition was transferred to the United States Fifth Circuit Court of Appeals because the petition constituted a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.[2] On March 21, 2003, the Fifth Circuit denied petitioner's counseled Motion for Authorization to file a second or successive § 2254 petition in this court. *See In re: Gary Boudreaux*, 03-30089 (5th Cir. 2003).

On June 30, 2006, petitioner filed a *pro se* Motion for Authorization to file a second or successive § 2254 petition in this court. That Motion was denied by the Fifth Circuit on August 8, 2006. *See In re: Gary Boudreaux*, 06-30708 (5th Cir. 2006). In his Motion, petitioner argued that evidence he obtained in 1998 proves his innocence and that the prosecutor suborned perjury, that the State violated his rights by destroying evidence which could have been tested for DNA under a state law that became effective in 2001 and that his trial counsel was ineffective for failing to discover some of the evidence

---

[2]Petitioner raised three claims: (1) that the State withheld *Brady* evidence; (2) that African-Americans were systemically excluded from service as grand jury foremen; and (3) that he recieved ineffective assistance of counsel.

obtained by petition in 1998 and for directing him to change his story from that given to police in his initial statement. In denying petitioner's Motion, the Fifth Circuit found that "Boudreaux has shown no reason for us to disturb our previous determination that he failed to demonstrate that the evidence he obtained in 1998 could not have been discovered earlier through the exercise of due diligence. *See In re Boudreaux*, No. 03-30089 (5th Cir. Mar. 21, 2003) (unpublished). Nor has he demonstrated that the facts underlying his claim regarding the destruction of evidence, if proven and viewed in the light of the evidence as a whole, would establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found him guilty. *See* 28 U.S.C. § 2244(b)(2)(B)(ii) *and In re: Gary Boudreaux*, 06-30708 (5th Cir. 8-8- 06) (unpublished).

In the instant petition, Boudreaux asserts claims similar to those presented to the Fifth Circuit in his most recent Motion for Authorization, and complains that in denying petitioner's request for authorization, the Fifth Circuit was "in direct violation of the United State's Supreme Court's precedents and is directly challenging the integrity of the federal habeas corpus proceedings by not following the guidelines set forth by Congress and the United States Supreme Court." [rec. doc. 6-2, pg. 7]. Accordingly, petitioner requests this court to accept his petition purportedly under Rule 60(b) by granting reconsideration of, and relief from, the Fifth Circuit's August 8, 2006 adverse ruling.

The instant petition is Boudreaux's third federal *habeas corpus* petition filed in this court, as such, it is a clearly a "second or successive" petition under 28 U.S.C.

3

§ 2244. AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a § 2254 petition should be considered second or successive for purposes of § 2244(b)(3). A prisoner's petition is not second or successive simply because it follows an earlier federal petition. *In Re Cain,* 137 F.3d 234, 235 (5th Cir. 1998). Rather, a later petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* Thus, the provision has been described as "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000). Such claims are deemed second or successive. *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is "second or successive." The claims raised herein either were, or could have been, raised in the two earlier petitions.

4

Moreover, petitioner's first prior petition was adjudicated on the merits, denied and dismissed by this court and subsequently rejected by the Fifth Circuit after petitioner failed to properly proceed in that court. Hence, the instant petition is unquestionably "second or successive".

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application permitted by this section [§2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The record does not show that petitioner has received such authorization. To the contrary, authorization to proceed in this court has been expressly denied by the Fifth Circuit on two separate occasions. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Although some district courts have taken this route, it is not mandatory. In *In Re Epps,* 127 F.3d 364 (5th Cir. 1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the circuit court is appropriate. The *Epps* opinion does not contain a directive to the

5

district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases.  Rather, the opinion merely adopts a procedure to be used when a successive petition filed without prior authorization is transferred to that court.  *Id.*

In the instant case, it is clear that petitioner has been denied authorization by the Fifth Circuit to present his claims to this court on two prior occasions.  Moreover, rather than follow the procedural prerequisites to filing in this court, petitioner instead attempted to circumvent those procedures by filing a third federal *habeas corpus* petition in this court, despite the fact that permission to so file has been withheld.  Although petitioner attempts to assert his claims via Rule 60(b), that Rule does not permit this district court to reconsider or grant relief from a Judgment or Ruling of the Fifth Circuit Court of Appeal. In light of petitioner's two previous filings in the appellate court, petitioner is obviously well versed in the law and should have been aware that this court may not review his claims unless and until appropriate authorization from the Fifth Circuit has been obtained.

Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.  Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 31st day of July, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE